IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOHN C. MCCULLOUGH, #108122, ) | |
| ) | C/A No. 0:06-1299-MBS-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| E. RICHARD BAZZLE; and HENRY ) | |
| MCMASTER, ATTORNEY GENERAL ) | |
| OF THE STATE OF SOUTH CAROLINA, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This Petition for a writ of habeas corpus was filed on April 27, 2006,[1] pursuant to 28 U.S.C. § 2254. The Respondents filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on August 28, 2006. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on August 30, 2006, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case. Petitioner thereafter filed a written opposition to the motion for summary judgment on September 28, 2006. Respondents' motion is now before the Court for disposition.[2]

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988). See Order filed June 7, 2006.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

The Petitioner is presently confined pursuant to commitment orders from the Spartanburg County Clerk of Court. In October 1997, Petitioner was indicted by the Spartanburg County Grand Jury on eight counts of burglary 2nd [97-GS-42-4613, 4614, 4615, 4616, 4617, 4618, 4619, 4620]; four counts of grand larceny [97-GS-42-4621, 4622, 4623, 4624]; thirty counts of kidnapping [97-GS-42-4629, 4630, 4631, 4632, 4633, 4634, 4635, 4636, 4637, 4638, 4639, 4640, 4641, 4642, 4643, 4644, 4645, 4646, 4647, 4648, 4649, 4650, 4651, 4652, 4653, 4654, 4655, 4656, 4657, 4658]; sixteen counts of armed robbery [97-GS-42-4663, 4664, 4665, 4666, 4667, 4668, 4669, 4670, 4671, 4672, 4673, 4674, 4675, 4676, 4677, 4678]; two counts of attempted armed robbery [97-GS-42-4659, 4660]; and two counts of assault and battery of a high and aggravated nature (ABHAN) [97-GS-42-4675, 4680]. (R.pp. 1-10). These charges stem from the burglary of eight grocery stores in the Spartanburg area. (R.pp. 1-16). Petitioner was represented by J. Michael Bartosh, Esquire, and entered a guilty plea on May 18, 1998.[3] (R. pp. 1-16, 21). Following his plea, Petitioner was sentenced on April 15, 1999, to six (6) years for aggravated assault and battery [Indictment No. 97-GS-42-4679], and to an aggregate total of thirty-six (36) years on the remaining charges, with the other sentences to be served concurrent. (R.pp. 23-24). Petitioner did not appeal his convictions or sentences.

On March 13, 2000, Petitioner filed an Application for Post Conviction Relief ("APCR") in state circuit court. (R.pp. 26-30). Petitioner raised the following issues:

(a) Ineffective assistance of counsel.

---

[3]The Respondents have informed the Court that no transcript exists for the May 18, 1998 guilty plea. However, there is no dispute that Petitioner entered a plea on that date. See also (R.pp. 21, 39).

2



>    (b) Plea was not knowingly and voluntarily entered
>
>    (c) Prosecutorial misconduct, illegal coercion of plea.

(R.p. 27).

An evidentiary hearing was held on June 11, 2003, at which Petitioner was present and represented by Marshall Walsh, Esquire. (R.pp. 37-62). On October 14, 2003, the PCR judge denied the Petition in its entirety in a written order. (R.pp. 63-66). Petitioner then filed a Rule 59(e) motion alleging the Court failed to rule on his contention that the guilty plea and sentence should be set aside because the State failed to properly preserve the record; (R.p. 68); following which the PCR judge filed an Amended Order of Dismissal on November 25, 2003. (R.pp. 74-77).

Petitioner timely filed a notice of appeal with the South Carolina Supreme Court. Petitioner was represented by Eleanor Duffy Cleary, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, who filed a Johnson[4] petition seeking to be relieved as counsel and raising the following issue:

> Whether petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama?

See Petition, p. 2.

Petitioner also filed a pro se brief raising the following additional issue:

> PCR counsel was ineffective for failing to preserve the Applicant's statutory right to appeal the findings of the circuit court on application for post-conviction relief.

See Petition, p. 2.

On April 12, 2006, the South Carolina Supreme Court entered its order denying the Petition in its

---

[4] Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).

3



entirety and granting counsel's request to withdraw. The Remittitur was sent down on May 1, 2006.

Petitioner then filed this habeas corpus petition in the United States District Court pursuant to 28 U.S.C. § 2254, raising the following issues:

**Ground One:** Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of plea.

Plaintiff nor PCR counsel was never given a transcript so that plaintiff could prove the facts of allegations.

**Ground Two:** Conviction obtained by use of coerced confession and threats.

Transcript would prove this if one was made available.

**Ground Three:** Denial of effective assistance of counsels.

At the May 18, 1998 proceedings and June 11, 2003 PCR hearing the counsels rendered deficient performance.

**Ground Four:** Violation of Constitutional Rights.

No transcript to show that constitutional rights were waived.

See Petition, pp. 5-6.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.

4



Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

As noted, in Ground One of his Petition, Petitioner contends that his guilty plea was not voluntarily made and that, but for the absence of the guilty plea transcript, he could prove this claim. In Ground Two, Petitioner claims his guilty plea was the result of a coerced confession and threats. In Ground Three, Petitioner contends that his plea counsel and his PCR counsel were ineffective, and in Ground Four, Petitioner argues that lack of a transcript violates his constitutional rights. Respondents contend that Petitioner did not raise any of these arguments in his state PCR appeal, and that they are therefore procedurally barred from consideration by this Court.

A review of the record shows that Petitioner's PCR counsel filed a Johnson petition which was followed by Petitioner filing a pro se brief . The Johnson petition raises the grounds asserted by the Petitioner in Grounds One and Four of his Petition (liberally construed). Therefore, these Grounds are exhausted for purposes of review by this Court. Further, Grounds Two and Three (with respect to Petitioner's trial counsel) were raised by the Petitioner in his PCR application and denied by the PCR judge. Therefore, since a Johnson certiorari petition was filed in this case, to the extent that these claims were raised in Petitioner's APCR the undersigned has addressed them on the merits. DuPree v. Padula, 2006 WL 784244 (D.S.C. March 27, 2006); cf King v. State, 417 S.E.2d



868 (S.C. 1992)[careful consideration of the entire record is required by Johnson v. State, 364 S.E.2d 201 (S.C. 1988)].

However, with respect to Petitioner's allegation in Ground Three that his PCR counsel was ineffective, there is no constitutional right to effective assistance of counsel in state post-conviction proceedings. See generally Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Coleman v. Thompson, 501 U.S. 722, 725 (1991). Therefore, Petitioner's complaints about alleged infirmities in his PCR proceedings do not state a basis for federal habeas relief, and this claim must be dismissed. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir. 1988)[claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998)[alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action].

## II.

Turning first to Petitioner's ineffective assistance of trial counsel claims, the PCR court found that Petitioner raised the following issues: a) that counsel did not review all of his indictments with him; b) that counsel did not review the elements of each offense with him; c) that counsel did not adequately explain his jury trial rights such that his decision to forego trial was not voluntarily made; d) that counsel coerced him into pleading guilty by telling him the solicitor would seek life without parole if he did not plead guilty; and e) that trial counsel advised him he would not receive any more than thirty years. (R.p. 75). Petitioner had the burden of proving these allegations in his PCR petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).

Following the PCR hearing, the PCR Court made relevant findings of fact and



conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See McCullough v. State of South Carolina, No. 00-CP-42-812. The PCR court found 1) that the guilty plea transcript was unavailable for consideration by the Court because it was lost or destroyed; 2) that the absence of a trial transcript did not warrant granting post conviction relief; 3) that the allegations made by the Petitioner were refuted by the testimony of trial counsel; 4) that the absence of the trial transcript was not critical to the Petitioner's claims of ineffective assistance of counsel; 5) that counsel's performance was not deficient; 6) that counsel's conduct did not prejudice the Petitioner; 7) that there is no reasonable probability that but for counsel's alleged errors, the Petitioner would not have pled guilty and would have insisted on going to trial; and 8) that Petitioner failed to carry his burden to show ineffective assistance of counsel. (R.pp. 75-77).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.

7



Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a



Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

After careful review and consideration of the arguments and materials filed with the Court, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. The record of the 1999 sentencing portion of Petitioner's guilty plea reflects that counsel had told Petitioner what the possible sentences were that he was facing prior to his pleading guilty, and that he reiterated that fact in open court at the sentencing without any objection from the Petitioner. (R.p. 18). Counsel also stated on the record and in Petitioner's presence that even though pleading guilty possibly exposed the Petitioner to more time, Petitioner was tired and wanted to tell the state everything. (R.pp. 18-19, 20). At the PCR hearing, Petitioner testified that his counsel was ineffective because his counsel "stressed" that he thought the trial judge would only sentence him to around thirty (30) years since the judge would soon be retiring. (R.pp. 48-49). However, Petitioner also conceded that his counsel told him that the judge could stack the charges and that the State would not recommend anything, that they were going to leave the decision on a proper sentence up to the judge. (R.pp. 48-49).

Petitioner's counsel testified at the PCR hearing that he reviewed the charges with the Petitioner, discussed with the Petitioner his right to a jury trial and his procedural rights, and that Petitioner appeared to understand his rights. (R.pp. 53-54). Counsel also testified that after the State served the notice of its intent to seek life without parole, he started negotiating with the State, and that Petitioner agreed to the State's offer of a plea deal. (R.pp. 55-56). Counsel testified that he did

9



not promise the Petitioner any certain sentence, and that even though they discussed the fact that a strong case could be made for a thirty (30) year sentence based on his cooperation, the judge could stack the charges and give him more time. (R.pp. 56-57). Counsel further testified that Petitioner understood what he was charged with, that he did not pressure or threaten the Petitioner to accept the plea deal, nor did he refuse to take the case to trial. Rather, Petitioner admitted his guilt. (R.p. 57).

There is no basis in this record to overturn the findings of the State Court. Evans, 220 F.3d at 312. Petitioner was facing more time than he received, and received less time by accepting the plea deal negotiated by counsel and pleading guilty. In addition, as a result of the plea the State did not seek life without parole. While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

Under this standard, Petitioner has not shown that his counsel was ineffective, and has further failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim



adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)]. Petitioner's ineffective assistance of counsel claims should be dismissed.

### III.

To the extent that Petitioner raised the issue before the PCR court that his plea was not voluntarily entered or coerced, the record cited herein shows that Petitioner chose to plead guilty, and that he did so freely and voluntarily. Hence, Petitioner has failed to show his plea was involuntary. See Boykin v. Alabama, 395 U.S. 238 (1969); Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.]; Vanater v. Boles, 377 F.2d. 898 (4th Cir. 1967). Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. While Petitioner now makes several allegations to explain how his plea was involuntary, "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). As previously discussed, Petitioner has provided no evidence to show



ineffective assistance of counsel in his case.

Although no transcript of the plea proceeding is available, the sentencing transcript is available and has been reviewed by the Court, as has the testimony from the PCR hearing. The evidence in the record before this Court is not sufficient to show that Petitioner's plea was involuntary or coerced. Hence, Petitioner has failed to show that the state court's rejection of this claim, to the extent it was even pursued, was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed.

**IV.**

In Ground Four of his Petition, Petitioner contends that his rights were violated due to the lack of a plea transcript. The PCR court specifically addressed this issue, finding that Petitioner's allegations had been refuted by the testimony of trial counsel, and that the absence of the trial transcript was not critical to Petitioner's claims. (R.p. 76). The undersigned agrees that Petitioner has not shown that he was prejudiced by the lack a transcript. Cf Parke v. Raley, 506 U.S. 20 (1992); Joe v. Eagleton, No. 03-1507, 2004 WL 3317659 at * 10 (D.S.C. Nov. 30, 2004); Keener v. State of Tennessee, 281 F.Supp. 964, 969 (D.C.Tenn. 1968). Rather, the record before the Court, which includes the sentencing transcript and the PCR transcript, shows that Petitioner's plea was freely and voluntarily entered. Indeed, Petitioner admitted at the PCR hearing that, although counsel

12



stated that he might receive a thirty (30) year sentence, he also told Petitioner that the judge could stack the sentences. Petitioner has also failed to show specifically how he has been prejudiced by the lack of the transcript. Rather, he has made only general and conclusory allegations. Accordingly, this issue is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that Respondents' motion for summary judgment be **granted**, and that this Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

November 16, 2006

13



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

14

