IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| John C. McCullough, #108122,         ) | |
| ) | C/A No. 0:06-CV-1299-MBS |
| Petitioner,         ) | |
| ) | |
| vs.         ) | **OPINION AND** |
| ) | **O R D E R** |
| E. Richard Bazzle; and Henry McMaster,         ) | |
| Attorney General for South Carolina,         ) | |
| ) | |
| Respondents.         ) | |
| ) | |

Petitioner John McCullough is an inmate in the custody of the South Carolina Department of Corrections. He is currently incarcerated at the Perry Correctional Institution in Pelzer, South Carolina. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This matter is before the court on Respondents' motion for summary judgment filed August 28, 2006. Motion for Summary Judgment (Entry 11). By order filed August 30, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to Respondents' motion for summary judgment on September 28, 2006. Response in Opposition (Entry 14).

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On November 17, 2006, the Magistrate Judge filed a Report and Recommendation in which he recommended that the court grant Respondents' motion for summary judgment and dismiss the petition. Report and Recommendation, 13 (Entry 15). Petitioner filed objections to the Report on December 19, 2006. Objection to Report and Recommendation (Entry 26).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts and procedural history of this case are detailed in the Magistrate Judge's report. Report and Recommendation, 1-4. Briefly, on May 18, 1998, Petitioner pleaded guilty to several counts of burglary, grand larceny, kidnaping, armed robbery, and assault and battery of a high and aggravated nature, all of which arose from the burglary of eight grocery stores in the Spartanburg area. April 15, 1999 Sentencing Transcript, App. 1-16.[1] Petitioner was sentenced to a total of thirty-six years imprisonment on April 15, 1999. Id., App. 23-24. Michael Bartosh, an attorney with the Spartanburg County Office of the Public Defender, represented Petitioner during the plea and sentencing phases. PCR Application, App. 29. Petitioner did not appeal his convictions or sentences.

On March 13, 2000, Petitioner filed an application for post-conviction relief ("PCR"), which raised the following issues: (1) "ineffective assistance of counsel," (2) "plea was not knowingly and

---

[1] The appendix filed in connection with Respondents' Return and Memorandum to Petition for Writ of Habeas Corpus (Entry 11) is four volumes. Throughout the instant order, the court cites both to the underlying document or transcript as well as to the cited reference's location in the appendix as "App. ____."

voluntarily entered," (3) "prosecutorial misconduct, illegal coercion of plea," and (4) "5th, 6th, 14th Amendment violation [sic]." Id., App. 27. The application also included a request for a copy of the transcripts of the plea and sentencing proceedings.[2] Id., App. 29. An evidentiary hearing was held on the matter before the Honorable Larry Patterson on June 11, 2003, during which Petitioner was represented by Marshall Walsh. June 11, 2003 PCR Hearing Transcript, App. 37. On October 16, 2004, Judge Patterson filed an order of dismissal in which he denied Petitioner's PCR application. Order of Dismissal, App. 63-66. Petitioner thereafter filed a motion for reconsideration, stating that the court had failed to rule on Petitioner's contention that his guilty plea and sentence should be set aside because the state had failed to properly preserve the record of the original proceedings. Rule 59(e) Motion, App. 68. Judge Patterson filed an amended order of dismissal on November 25, 2003, in which he found that Petitioner had not received ineffective assistance of counsel and that the absence of a trial transcript did not warrant post-conviction relief. Amended Order of Dismissal, App. 74-77. Petitioner's petition for writ of certiorari was denied by the South Carolina Supreme Court on April 12, 2006. Order and Remittitur (Entry 11-8).

On April 27, 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being unlawfully held in custody because: (1) his guilty plea was involuntary ("Ground One"); (2) his conviction was obtained through the use of a coerced confession ("Ground Two"); (3) he was denied effective assistance of counsel at the May 18, 1998 plea proceeding and June 11, 2003 PCR hearing ("Ground Three"); and (4) "violation of constitutional

---

[2] Apparently, the transcript of the plea hearing is not available because the State requested it after the court reporter's records of the hearing had been destroyed pursuant to Rule 607(i) of the South Carolina Appellate Court Rules. See Affidavit of Pamela Green, App. 70.

3

rights" ("Ground Four"). Petition for Writ of Habeas Corpus, 5-6 (Entry 1). After a thorough review of the applicable law, the Magistrate Judge recommended that the court grant Respondents' motion with respect to Grounds One and Two because Petitioner had failed to provide sufficient proof that his plea was involuntary. Report and Recommendation, 11-13. The Magistrate Judge recommended that summary judgment be granted as to Ground Three because the PCR judge correctly applied federal law in determining that Petitioner failed to prove ineffective assistance of counsel. Id. at 9-11. The Magistrate Judge also recommended that summary judgment be granted with respect to Ground Four, finding that the transcripts from the sentencing and PCR proceedings refuted Petitioner's claim that his rights were violated by the lack of a transcript from the plea hearing. Id. at 12-13.

## II. DISCUSSION

The petition is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996. An application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in state court proceedings cannot be granted unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," id., "if the state court arrives at a conclusion opposite to that reached by th[e]

Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts," Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision "involve[s] an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), when the state court "identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. A state court's determination of a factual issue is presumed to be correct. 28 U.S.C. § 2254(e)(1). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. Id. The court's "review is . . . deferential because [the court] cannot grant relief unless the state court's result is legally or factually unreasonable." Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

The court has reviewed Petitioner's objections to the Report and Recommendation of the Magistrate Judge. Several objections raised by Petitioner are general objections to which this court need not respond. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (a district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations). Petitioner's specific objections are discussed in turn.

First, Petitioner argues that the Magistrate Judge erred by not considering arguments raised in a document entitled "Amendment to P.C.R.," Pro Se Brief for Writ of Certiorari, 50-52 (Entry 11-7), which Petitioner avers was filed to supplement his PCR application.[3] See, e.g., Objection to

---

[3] The "Amendment to P.C.R." purports to have been notarized on June 4, 2003, id. at 52; however, there is no indication that the document was ever filed as part of Petitioner's PCR application. The document appears in the record only as an

5

Report and Recommendation, 1 ("Petitioner object [sic] to summary judgment pursuant to Rule 56,Fed.R.Civ.P., [sic] submitting that petition is with merit due to the fact that the courts refuse to acknowledge Petitioner's Amendment to PCR, that's listed as exhibit A(22) in pro se brief"). This objection is without merit.

Because the "Amendment to P.C.R." raises new arguments not presented to the PCR judge, those claims are procedurally defaulted.[4] Post-conviction relief in South Carolina is governed by the Uniform Post-Conviction Relief Act. S.C. Code Ann. §§ 17-27-10 to 160. Section 17-27-90 of the Act provides in relevant part:

> All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application.

Section 17-27-90 "forbids a successive PCR application unless an applicant can point to a 'sufficient reason' why the new grounds for relief he asserts were not raised, or were not raised properly" in the

---

exhibit to Petitioner's brief to the South Carolina Supreme Court.

[4]  The "Amendment to P.C.R." contains several issues that were not raised in Petitioner's PCR application. See, e.g., Pro Se Brief for Writ of Certiorari, 51 (alleging that Bartosh failed to do a proper investigation, neglected to file a motion to suppress Petitioner's confession to the police, and failed to withdraw Petitioner's guilty plea "after State reneged on promises"); id. (stating that trial judge did not inform Petitioner that he would not be eligible for parole before serving eighty-five percent of his sentence); id. (stating that Petitioner did not know that "paper that waived Grand Jury presentment were indictments" and that Bartosh did not give an adequate explanation when Petitioner inquired); id. (alleging that trial judge "failed to inform" Petitioner of the mandatory minimum and maximum sentences that could be imposed and did not "affirmatively ask[]" Petitioner for an admission of guilt).

6

first PCR application. Aice v. State, 409 S.E.2d 392, 394 (S.C. 1991). In other words, "as long as it was possible to raise the argument in his first PCR application, an applicant may not raise it in a successive application." Id.; see Hunter v. State, 244 S.E.2d 530, 533 (S.C. 1978) (successive application barred where applicant was aware of claim at the time of the filing of prior applications but did not raise it).

The new grounds for post-conviction relief raised by Petitioner in the "Amendment to P.C.R." are procedurally barred because they were not properly raised to and ruled on by the PCR judge, see Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000) (citing Pruitt v. State, 423 S.E.2d 127 (S.C. 1992)) (finding that, in order to be preserved for review, an issue must be properly presented to and ruled on by the PCR judge), nor has Petitioner pointed to any facts and circumstances that would demonstrate "why the new grounds were not and could not have been raised" in the first PCR application, Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (citing Arnold v. State, 420 S.E.2d 834, 843 (S.C. 1992), cert. denied, 507 U.S. 927 (1993). Neither the PCR application nor the transcript of the PCR hearing - including Petitioner's testimony - bear any reference to the new issues raised in the "Amendment to P.C.R."; consequently, the PCR judge's amended order of dismissal did not address those issues. See Amended Order of Dismissal, App. 74-77. Petitioner's failure to properly present the new issues to the PCR judge before seeking habeas relief precludes federal review of those claims. See Smith v. Murray, 477 U.S. 527, 533 (1986) ("[A] federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial. Accordingly, although federal courts must at all times retain the power to look beyond state procedural forfeitures, the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the

state rule and 'actual prejudice resulting from the alleged constitutional violation.'" (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977))). Accordingly, the Magistrate Judge did not err by not considering those claims.

Petitioner next contends that the PCR judge erred by relying solely on the testimony of Petitioner's trial attorney, Michael Bartosh, at the PCR hearing. Objection to Report and Recommendation, 4-5. In making his decision, the PCR judge "review[ed] the record in its entirety" and "[c]onsider[ed] all testimony [and] other relevant materials." Amended Order of Dismissal, App. 75. Petitioner asserts that the PCR judge's reliance on the attorney's testimony alone was improper because Bartosh may have had motive to lie based on his desire "to protect himself" and his position as an "employee of the state." Objection to Report and Recommendation, 5.

In the court's view, the PCR judge's ruling was neither contrary to, nor involved an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d). In the absence of the plea hearing transcript, the PCR judge properly considered the rest of the record in finding that Petitioner's claims did not warrant post-conviction relief.[5] Courts have consistently found that the entire record should be reviewed in cases in which a petitioner argues that his or her plea was involuntary and the plea hearing transcript is unavailable. See, e.g., Oliver v. United States, 961 F.2d 1339, 1343 (7th Cir. 1992) ("We are not bound to look solely at the transcript of the plea hearing in making this constitutional determination, but look at all the surrounding facts and

---

[5] The fact that Petitioner was represented by counsel during his plea also indicates that his plea was voluntary. See Marshall v. Lonberger, 459 U.S. 422, 437 (1983) (stating that when a defendant is represented by counsel during the plea proceedings, the plea is presumed valid in a collateral habeas proceeding). The mere unavailability of the transcripts of a petitioner's state guilty plea does not alter this presumption of validity. Parke v. Raley, 506 U.S. 20, 30-31 (1992).

circumstances."); Pittman v. State, 524 S.E.2d 623, 625 (S.C. 1999) ("When determining issues related to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the PCR hearing."); Harres v. Leeke, 318 S.E.2d 360, 361 (S.C. 1984) ("[T]he voluntariness of a guilty plea is not determined by an examination of the specific inquiry made by the sentencing judge alone, but is determined from both the record made at the time of the entry of the guilty plea and the record of the post-conviction hearing."). Although the transcript of Petitioner's May 18, 1998 plea transcript was unavailable, the PCR judge properly considered the remainder of the record, including the transcripts of the sentencing proceeding and the PCR hearing.

Likewise, the PCR judge's ruling was not based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." See 28 U.S.C. § 2254(d). In making his decision, the PCR judge took into account the testimony of both Petitioner and Bartosh at the PCR hearing. Most of this testimony belied Petitioner's claims, proving that Petitioner had indeed received effective assistance of counsel and had knowingly and voluntarily entered a guilty plea. See June 11, 2003 PCR Hearing Transcript, App. 44, 48-49 (Petitioner's admissions that he was aware of his right to a trial by jury and that Bartosh had explained potential sentences the judge might give him, including the possibility that the judge could stack the charges); id., App. 56-57 (Bartosh's testimony that he reviewed the charges in the indictment with Petitioner; explained Petitioner's procedural rights to him, which Petitioner appeared to understand; discussed the State's offer for a plea agreement; and explained the sentencing possibilities, including potential for life without parole). Based on this record, the PCR judge's finding that Petitioner had not met his burden of proof was not factually unreasonable. As the Magistrate Judge found, "Petitioner's

9

allegations had been refuted by the testimony of trial counsel, and the absence of the trial transcript was not critical to Petitioner's claims." Report and Recommendation, 12. Accordingly, the court finds no error in the PCR judge's review of the entire record in dismissing Petitioner's application for post-conviction relief.

### III.  CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. For the reasons stated herein and in the Report and Recommendation, Respondents' motion for summary judgment is **granted,** and the within petition for writ of habeas corpus is dismissed with prejudice.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina.
March 23, 2007

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**